RECEIVED
JAN 17 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

PATRICK KIDDER            CIVIL ACTION NO. 05-1152

VS.            JUDGE DOHERTY

TIDEWATER MARINE, LLC            MAGISTRATE JUDGE METHVIN
GULF FLEET SUPPLY VESSELS, LLC

## ORDER

On January 12, 2006, defendants filed a Motion for Protective Order seeking an order precluding plaintiff from discovering information requested in the Notices setting defendants' Rule 30(b)(6) depositions.[1] Defendants maintain that the disputed discovery requests seek information that is irrelevant and protected by the attorney-client privilege and the work product immunity, and the requests are over broad and unduly burdensome. Plaintiff filed an opposition.

Defendants have not provided a privilege log in connection with their assertion of the attorney-client privilege and the work product immunity. FED.R.CIV.P. 26(b)(5) requires that a party claiming privilege or attorney work product must "describe the nature of the documents, communications, or things not produced or disclosed in a manner that . . .will enable other parties to assess the applicability of the privilege or protection." A party invoking the attorney-client privilege must establish: (1) that there was a communication between client and counsel; (2) the communication was intended to be confidential; (3) the communication was, in fact, kept confidential; and (4) the communication was made for the purpose of obtaining or

---

[1] Rec. Doc. 22. The depositions are scheduled for January 20, 2006.

providing legal advice. <u>United States v. Construction Prod. Research, Inc.</u>, 73 F.3d 464, 473-74 (2nd Cir.1996). This information should be evident on the privilege log. For the work product, the privilege log must establish that the qualified immunity applies, i.e., the documents and/or tangible things were prepared in anticipation of litigation by or for a party or by or for a party's representative. <u>Hickman v. Taylor</u>, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed 451 (1947). Conclusory assertions of privilege are insufficient. <u>Blockbuster Entertainment Corp. v. McComb Video, Inc.</u>, 145 F.R.D. 402, 404 (M.D.La. 1992). Absent a privilege log, the undersigned is unable to rule on whether the discovery requested is protected by a privilege.

Considering the foregoing,

**IT IS ORDERED** that **on or before noon January 18, 2006,** defendants shall hand-deliver or fax to opposing counsel and the undersigned magistrate judge a privilege which complies with the following requirements. With respect to each document listed in the privilege log, defendants shall include:

    a.     the date the document was created;

    b.     the author of the document;

    c.     all recipients of the document, along with their capacities;

    d.     the document's subject matter;

    e.     the specific privilege being asserted;

    f.     factual and legal support for the claim of privilege in light of established Fifth Circuit jurisprudence;

    g.     with respect to each document withheld on the basis of the attorney-client privilege, an affirmative statement regarding whether the document has been disseminated to parties other than the recipient(s) listed in the privilege log.

3

IT IS FURTHER ORDERED that a telephone conference will be held on January 18, 2006 at 2:00 p.m. to discuss the Motion for Protective Order. The call shall be initiated by counsel for defendants.

IT IS FURTHER ORDERED that the Clerk shall fax a copy of this order to all counsel of record.

Signed at Lafayette, Louisiana on January 17th, 2006.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, LA 70501
(337) 593-5140     FAX 593-5155

COPY SENT
DATE 1-17-06
BY OA
TO MEM
via fax: Curts
Simon
Cole