RECEIVED
JAN 0 5 2007
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| PATRICK KIDDER | CIVIL ACTION NO. 05-1152 |
| VS. | JUDGE DOHERTY |
| TIDEWATER MARINE, LLC<br>GULF FLEET SUPPLY VESSELS, LLC | MAGISTRATE JUDGE METHVIN |

## RULING ON MOTION TO COMPEL
### (Rec. Doc. 42)

Before the court is the Motion to Compel Discovery filed by plaintiff, Patrick Kidder ("Kidder"), on December 20, 2006. Defendants, Tidewater Marine, LLC ("Tidewater) and Gulf Fleet Supply Vessels, LLC ("Gulf Fleet"), oppose the motion.[1] The undersigned granted expedited consideration of the motion.[2]

In his complaint, plaintiff alleges that he was an employee of Tidewater and worked aboard vessels owned and operated by Tidewater and Gulf Fleet. In September, 2003, plaintiff was allegedly injured during the coarse of his employment on the *M/V Gulf Ace II*. Plaintiff seeks an order requiring defendants to provide information regarding the individuals interviewed by defendants regarding plaintiff's accident.

Plaintiff propounded the following interrogatory to defendants:

Interrogatory No. 5: Please identify each and every individual interviewed by you or your company, as well as the date thereof, concerning the incident.

---

[1] Rec. Doc. 49.

[2] Rec. Doc. 44.

Defendants object to the interrogatory, arguing that it seeks information that is attorney work product.[3] Defendants maintain:

> The identities of the individuals that Tidewater has selected to interview in its pretrial investigation are afforded the protection of the work product doctrine as the disclosure of those individuals necessarily provides insight as to Tidewater's counsel's litigation strategy as well as counsel's opinion regarding the importance of these interviewees as potential witnesses.[4]

Defendants argue that they have provided plaintiff with a list of witnesses whom defendants may use to support its defenses, and allowing plaintiff to discover the witnesses defendants chose to interview will allow plaintiff to compare the two lists and determine which witnesses defendants deem important. Defendants cite Electronic Data Systems Corp. v. Steingraber, 2003 WL 21653405 (E.D. Tex. 2003) and Laxalt v. McClatchy, 116 F.R.D. 438 (D. Nev. 1987) for the proposition that the work product immunity applies to lists of persons interviewed.

The undersigned is not persuaded by defendants' argument. First, the two cases cited by defendants are not from the Fifth Circuit, and therefore are not binding on this court. Additionally, the cases are distinguishable from the case at bar. In Electronic Data Systems Corp. v. Steingraber, supra, the court found that since defendant had provided a list of all persons with knowledge of relevant facts, requiring defendants to also identify which of these witnesses were

---

[3] Exhibit P5 to Rec. Doc. 42. Although defendants also objected based on the attorney-client privilege, defendants did not address this issue in their opposition to the motion to compel. Moreover, this privilege is clearly not applicable to the information requested in Interrogatory No. 5. A party invoking the attorney-client privilege must establish: (1) that there was a communication between client and counsel; (2) the communication was intended to be confidential; (3) the communication was, in fact, kept confidential; and (4) the communication was made for the purpose of obtaining or providing legal advice. United States v. Construction Prod. Research, Inc, 73 F.3d 464, 473-74 (2nd Cir.1996). Defendants have not proven any of the requirements of the attorney-client privilege.

[4] Rec. Doc. 49 at p. 1.

interviewed, would allow plaintiff to infer which witnesses counsel considered important. Likewise, in Laxalt v. McClatchy, the court held that defendants' investigators were required to provide plaintiff with a listing of all persons with relevant information, but that requiring identification of those persons interviewed was improper because plaintiff could formulate a list of which witnesses counsel considered important and which were not. In the case at bar, however, defendants did not provide initial disclosures that identified all persons with knowledge of relevant information, but rather only those "witnesses likely to have discoverable information that Tidewater may use to support its claims and defenses."[5] Thus, defendants' initial list is not as broad as the initial list in Electronic Data Systems Corp. v. Steingraber or the list that was to be provided in Laxalt v. McClatchy.

Additionally, "not every item which may reveal some inkling of a lawyer's mental impressions, conclusions, opinions, or legal theories is protected as opinion work product. Were the doctrine to sweep so massively, the exception would hungrily swallow up the rule." In re San Juan Dupont Plaza Hotel Fire Litig., 859 F.2d 1007, 1015 (1st Cir.1988) (citation omitted); *see also* Piatkowski v. Abdon Callais Offshore, L.L.C., No. 99-3759, 2000 WL 1145825, at *2 (E.D.La. Aug.11, 2000) (work product doctrine "is not an umbrella that shades all materials prepared by a lawyer, or agent of the client.").[6] To a certain extent, FED.R.CIV.P. 26(a)(1)(A) requires production of some of counsel's mental impressions. Rule 26(a)(1)(A) requires parties to disclose "each individual likely to have discoverable information that the disclosing party may use

---

[5] Exhibit "A" to Rec. Doc. 49.

[6] For the work-product immunity to be applicable, defendants must establish that the information was gathered in anticipation of litigation by or for a party or by or for a party's representative. Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed 451 (1947).

to support it claims or defenses." Thus, the initial disclosures necessarily contain some of counsel's mental impressions because the list is not a broad and expansive listing of all witnesses, but rather a list limited to those individuals counsel deems potentially supportive of his or her client's claims or defenses.

Considering the foregoing, the undersigned finds that providing a list of persons interviewed in this case does not provide plaintiff with unfair insight into defense counsel's mental impressions. Not all persons interviewed by defendants were necessarily important to the case – some interviews may have provided significant information to defendants, some may not have. Plaintiff does not seek defense counsel's impressions and conclusions regarding the interviews, but simply the listing of those individuals who were interviewed. Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motion to Compel is **GRANTED** and defendants shall answer Interrogatory No. 5 before plaintiff's deposition, which is scheduled for January 10, 2007.

**IT IS FURTHER ORDERED** that the Clerk shall fax a copy of this Ruling to counsel of record.

Signed at Lafayette, Louisiana on January 5, 2007.

COPY SENT:
DATE: 1/5/07
BY: CW
TO: Curtis
    Labordre
    Mantz     } via fax
    Simon
    Theriot

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, LA 70501
(337) 593-5140     FAX 593-5155